FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 08, 2024

SEAN F. MCAVOY, CLERK

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:23-CR-00018-TOR |
| Plaintiff, | Pretrial Diversion Agreement |
| v. | |
| PETER WILLIAM SHERMAN, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms, Assistant United States Attorney for the Eastern District of Washington, as well as Defendant, Peter William Sherman, and Defendant's counsel, Andrew M. Wagley, agree to the following Pretrial Diversion Agreement (the "Agreement"):

I. **Overview**

1. On February 22, 2023, Defendant, Peter William Sherman, was charged by Indictment with two counts of False Impersonation of an Employee of the United States, in violation of 18 U.S.C. § 912. ECF No. 1. Defendant appeared for arraignment on March 17, 2023. ECF No. 12. Pursuant to an order entered on December 8, 2023, trial is currently set for March 11, 2024. ECF No. 26.

PRETRIAL DIVERSION AGREEMENT - 1

2. Defendant Peter William Sherman, stipulates and agrees that he did in fact violate 18 U.S.C. § 912, as charged in Counts 1 and 2 of the Indictment, and that the United States could prove his guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

On November 20, 2022, Spokane County Dispatch received a 9-1-1 call from Defendant, Peter William Sherman. Defendant called dispatch to request information about his girlfriend who was booked in the Spokane County Jail. Defendant told the dispatcher that he wanted his girlfriend to be released from jail. When the dispatcher told Defendant that she did not have the authority to release someone from jail, Defendant responded that he could authorize her release based on his status as a U.S. Marshal. Defendant told the dispatcher that his supervisor worked in Seattle, Washington, and that he normally worked in western Washington, Montana, California, and New York. Defendant identified his U.S. Marshal credentials as "U.S. Marshal badge number 3626IC."

On November 24, 2022, Defendant was booked into Spokane County Jail on a warrant out of Bellingham, Washington. Defendant told officers at the jail that he served as a "U.S. Marshal IC" and worked out of the Seattle field office. Defendant later clarified that "IC" stands for "in cover" and referred to an elite U.S. Marshal unit of which he was a member. Defendant claimed that his title was "Supervisory Deputy IC." Defendant identified his supervisor as Sergeant Herb Crow but could not provide his supervisor's contact information. When asked how Defendant could be a U.S. Marshal when he had felony warrants, Defendant claimed that his position gave him discretion to break the law.

That same day, a bondsman at All City Bail Bonds received a call from Defendant who identified himself as an undercover U.S. Marshal. Defendant stated that he worked in an elite unit for the U.S. Marshal Service and identified his supervisor by name. Defendant provided his credentials as U.S. Marshal badge

number 3626IC. Defendant said that he would "make things right" with the bondsman if the bondsman would bond him out. Defendant said that he could prove his status through his U.S. Marshal badge, which was in his property at the jail.

Defendant later told an officer at the Spokane County Jail that he wanted to make sure that his U.S. Marshal badge was in his property because he needed to use it as collateral with the bond company. Defendant's badge was seized by the U.S. Marshal Service, who confirmed that it was fake. The U.S. Marshal Service reported that the fake badge looked identical to a real U.S. Marshal badge and displayed a badge number that corresponded to an actual Deputy Marshal serving in another district. In a subsequent interview with U.S. Marshals, Defendant admitted that he was not a U.S. Marshal and that he had purchased the fake U.S. Marshal badge from an online vendor.

3. On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 24 months. This 24-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

4. The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to whether a party breached this Agreement.

**II. Terms**

Defendant stipulates and agrees to the following terms:

5. **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 24-month period. Further, Defendant understands and agrees to the following conditions, which, unless otherwise stated, will continue for the 24-month period of the Agreement:

    a. Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding. This term also does

PRETRIAL DIVERSION AGREEMENT - 3

not apply to currently pending criminal cases in other jurisdictions involving the Defendant, as documented within Defendant's Pretrial Services Report (ECF No. 7). That is, a conviction or resolution of the currently pending criminal cases in other jurisdictions will not result in a violation of this Agreement.

    b.    If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, he shall notify his supervising pretrial diversion officer, his attorney, and the U.S. Attorney's Office within two business days.

    c.    Defendant shall reside at PureVida Sober Living / Reclaim Project in Spokane for a period of two years from February of 2023 until February of 2025.[1] Thereafter, Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to move outside of the Eastern District of Washington, he shall notify and seek the approval of his supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

    d.    Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify his supervising pretrial diversion officer. In the event that Defendant becomes self-employed, he shall provide evidence of such self-employment.

    e.    Defendant shall participate in mental health counseling and substance abuse counseling at Clarity Mental Health & Recovery throughout the period of the Pretrial Diversion Agreement.

---

[1] The parties understand that Defendant has resided at the PuraVida Sober Living / Reclaim Project in Spokane since February of 2023 and is a House Manager and AA group leader at the facility. The parties understand that a person cannot reside at PureVida / Reclaim for more than two years.

PRETRIAL DIVERSION AGREEMENT - 4

f. Defendant shall not possess, control, consume, and/or use any alcohol or illegal control substance and shall participate in urinalysis monitoring to ensure compliance with this condition. Urinalysis monitoring may be conducted by Clarity Mental Health & Recovery or as directed by the Court or U.S. Probation.

g. Defendant shall attend at least one AA meeting per week.

h. Defendant shall not possess any firearms or ammunition, or any weapon or device defined as a firearm in 26 U.S.C. § 5845.

i. Defendant shall forfeit or abandon to the United States his interest in the fake U.S. Marshal badge used in the commission of the offenses charged in this case, an image of which is attached as Attachment A.

j. Defendant shall report to his supervising pretrial diversion officer as directed by the Court or U.S. Probation.

6. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties for a period of 27 months. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for a period of 27 months from the date the Agreement is signed by both parties and accepted by the Court.

7. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

PRETRIAL DIVERSION AGREEMENT - 5

8. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and his admissions contained therein shall be admissible against him at any trial, sentencing, or other related proceeding. Defendant further agrees to waive his constitutional right to a jury trial and consents to a trial by the district court.

9. **Waiver of Constitutional Rights.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant knowingly and voluntarily waives the following constitutional rights: the right to a jury trial; the right to see, hear and question witnesses; the right to testify; and the right to compel witnesses to testify. Defendant understands and agrees that any defense motions currently pending before the Court are mooted by the Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

10. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to the following:

The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 24 months. When and if Defendant satisfies all the requirements of the Agreement, the United States will not oppose a motion filed by Defendant for a dismissal with prejudice of the Indictment filed on February 22, 2023. ECF No. 1. Except in the event of a violation by Defendant of any material term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Indictment, the Covered Conduct set forth above, and the United States' Notice of Intent to Introduce Evidence of Other Acts Pursuant to Fed. R. Evid. 404(b) (ECF No. 24). This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released

PRETRIAL DIVERSION AGREEMENT - 6

from any obligation imposed upon them by this Agreement; (2) this Agreement shall be null and void, except for the tolling provisions set forth herein; and (3) no statement in this Agreement would be admissible by either party in any court proceeding.

## III. Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

_____  2/7/2024
Vanessa R. Waldref                Date
United States Attorney

_____
Timothy J. Ohms,
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____  2/7/24
Peter William Sherman,            Date
Defendant

_____  2/7/24
Andrew M. Wagley,                 Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____  February 8, 2024
Thomas O. Rice                    Date
United States District Judge

PRETRIAL DIVERSION AGREEMENT - 7